# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JORDY STEVEN C. J., | Case No. 26-cv-632 (LMP/LIB) |
| Petitioner, | |
| v. | **ORDER GRANTING** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | **HABEAS PETITION** |
| Respondents. | |

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**; and Jesus Cruz Rodriguez, **United States Attorney's Office, Lawton, OK**, for Respondents.

  Petitioner Jordy Steven C. J. is a citizen of Ecuador who entered the United States without inspection in September 2023. *See* ECF No. 1 ¶ 13. He has a pending asylum application and is authorized to work in the United States. *Id.* ¶¶ 14–15. Jordy Steven C. J. was arrested by immigration officials on January 24, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 16. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31. Jordy Steven C. J. contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at

all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that justifies his detention. *Id.* Jordy Steven C. J. filed a verified petition for a writ of habeas corpus challenging the lawfulness of his detention. *See generally id.*

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jordy Steven C. J. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Jordy Steven C. J.'s petition by January 27, 2026, "certifying the true cause and proper duration of Jordy Steven C. J.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Joaquin Q. L.*, *Roberto M. F.*, and *Victor Hugo D. P.*" ECF No. 4 at 2–3.

The Government timely responded and concedes that Jordy Steven C. J.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 6. Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)],

preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Jordy Steven C. J.'s] habeas petition." *Id.*

Because nothing distinguishes Jordy Steven C. J.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Jordy Steven C. J.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Jordy Steven C. J. is entitled to immediate release from custody. The Court therefore grants Jordy Steven C. J.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jordy Steven C. J.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Jordy Steven C. J. from custody by no later than 5:00 p.m. on Thursday, January 29, 2026; and

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 12:00 p.m. on Friday, January 30, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026        *s/Laura M. Provinzino*
                               Laura M. Provinzino
                               United States District Judge